Cᴉᴛʏ ᴏꜰ Pɪǫᴜᴀ, Aᴘᴘᴇʟʟᴀɴᴛ, *v.* Hɪɴɢᴇʀ, Aᴘᴘᴇʟʟᴇᴇ.

[Cite as Piqua v. Hinger, 15 Ohio St. 2d 110.]

(No. 68-110—Decided July 3, 1968.)

*Mr. R. K. Wilson,* director of law, for appellant.
*Messrs. Faust, Harrelson & Thornburgh* and *Mr. William H. Thornburgh,* for appellee.

HERBERT, J.   The question raised in this case is whether the ruling in *Miranda* is applicable in misdemeanor cases.

We have examined the record in this case and find that *Schmerber* v. *California,* 384 U. S. 757, is applicable and dispositive of the issue of admissibility of the questioned evidence.

At the outset, it should be noted that no material objection was made to the questions that defendant was asked prior to being advised of his constitutional rights.   The record is clear that the questions asked during the filming of the physical tests were solely for the purpose of getting defendant to speak and participate in the tests, and not for the substance of his answers.   The statements of defendant which were reported at the trial in the testimony of the

police officers, two of whom were personally acquainted with the defendant, were voluntary and unsolicited, and clearly not the product of custodial interrogation in the *Miranda* sense. See *State* v. *Perry,* 14 Ohio St. 2d 256. Thus, the only question presented on the record is whether evidence of the physical tests conducted, and the film thereof, obtained prior to the time defendant was advised of his rights, is constitutionally admissible.

In *Schmerber* v. *California, supra,* decided in the same term, but after *Miranda,* the United States Supreme Court held that admission into evidence of the results of a blood-alcohol test made on a blood sample withdrawn from a defendant over his objection, and his refusal to submit to such test, on advice of counsel, did not violate his constitutional rights. After considering its decision in *Miranda,* the court, in *Schmerber,* said, at pages 764 and 765:

"* * * both federal and state courts have usually held that it [the privilege against self-incrimination] offers no protection against compulsion to submit to fingerprinting, *photographing,* or measurements, to *write or speak for identification,* to appear in court, to stand, to *assume a stance,* to walk, or to *make a particular gesture.* The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it.

"* * *

"* * * Since the blood test evidence, although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on privilege grounds." (Emphasis added.)

The court, in *Schmerber,* upheld the blood-alcohol test although it was claimed that the admission of such evidence was a denial of due process and was the product of an unlawful search and seizure.

The evidence introduced in the trial of the instant case,

in respect to the physical tests made and filmed, did not constitute matter communicated by the accused from his knowledge of the offense. On the contrary, it was real or physical evidence of the kind designated in *Schmerber* as unprotected by the Constitution. Such evidence is constitutionally admissible, even if compelled, and irrespective of whether the warnings required by *Miranda* are given. Accordingly, we do not reach the question of the applicability of *Miranda* to misdemeanor cases, and express no opinion thereon.

For the reasons stated, the judgment of the Court of Appeals is reversed, and the judgment of conviction entered by the Municipal Court is affirmed.

*Judgment reversed.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Schneider and Brown, JJ., concur.