452 P.2d 98

**The STATE of Arizona, Appellee,**

v.

**James William STUARD, Jr., Appellant.**

**No. 1938.**

Supreme Court of Arizona.

In Banc.

March 20, 1969.

---◆---

John M. Levy, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., and Carl Waag, Asst. Atty. Gen., for appellee.

UDALL, Chief Justice.

Hilda Wilkinson was hit on the jaw and her purse snatched in a downtown Phoenix tavern. The defendant, James William Stuard, Jr., was apprehended in the alley behind the bar with the purse in his possession. When the purse was identified by the victim, defendant was arrested and subsequently charged with robbery with a prior conviction. He was tried, found guilty on both counts, and sentenced to serve 15 to 20 years in the state prison. He now brings this appeal from the judgment of conviction.

At the trial the victim's testimony was read from the transcript of the preliminary hearing. The state made several unsuccessful attempts to locate the witness for trial and convinced the judge of her unavailability. Defendant contends he was denied his right to confrontation of the witness and the right to cross-examination. We cannot agree with the contention. Rule 30 B, Arizona Rules of Criminal Procedure, 17 A.R.S., provides:

"B. When a witness has been examined as provided in Rule 23 and his testimony taken as provided in Rule 28, such testimony may be admitted in evidence upon the trial of the defendant for the offense for which he is held, either on behalf of the state or the defendant, if for any reason the testimony of the witness cannot be obtained at the trial and the court is satisfied ·that the inability

to procure such testimony is not due to the fault of the party offering it."

The prosecution made an adequate showing of the witness's unavailability to justify the court in permitting the testimony to be read from the transcript. At the preliminary hearing defendant did conduct a very thorough cross-examination of the witness. We upheld the introduction of testimony from the preliminary hearing transcript under similar circumstances in the case of State v. Head, 91 Ariz. 246, 371 P.2d 599 (1962).

█ Defendant next contends that the court erred in ordering his fingerprints to be taken in open court against his will. The state alleged in the information that defendant was convicted of a prior offense —rape. After the jury reached its verdict on the robbery count defendant denied conviction of the prior offense. The court then ordered his fingerprints to be taken in open court and compared with those of the prior offender. An expert testified that the prints from the prior offense were identical with those of defendant. Defendant argues that his right against self-incrimination was violated. We ruled to the contrary in State v. Stelzriede, 101 Ariz. 385, 420 P.2d 170 (1966), where we concluded that the privilege against self-incrimination extends only to evidence of a communicative nature and not to real or physical evidence. See Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908; United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Fingerprints clearly are not of a communicative nature.

█ Defendant contends that "the failure of the County Attorney to introduce the purse and its contents in evidence would lead to the conclusion that there was no theft made by the defendant from the victim." We understand defendant's argument to mean that by failing to produce the purse at trial the state failed to prove that anything was stolen. We see no merit in the argument. There was ample testimony that the purse was taken from the victim and that it was found in the possession of defendant shortly after the robbery. The taking of the purse alone was sufficient to complete the crime of robbery.

Affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.