472 P.2d 952

**STATE of Arizona ex rel. Lewis C. MURPHY, City Attorney of the City of Tucson, Petitioner,**

v.

**CITY COURT OF the CITY OF TUCSON, Pima County, Arizona, the Honorable Charles Gatewood, magistrate thereof and John H. Freeman, the real party in interest, Respondents.**

No. 2 CA–CIV 885.

Court of Appeals of Arizona, Division 2.

July 29, 1970.

**530**

William E. Hildebrandt, Asst. City Atty., Tucson, for petitioner.

Harold C. Wheeler, Tucson, for real party in interest.

KRUCKER, Judge.

 These special action proceedings were instituted to challenge an order of the respondent court suppressing certain evidence in a pending criminal prosecution. Since we have appellate jurisdiction in this matter, Shenfield v. City Court of City of Tucson, Pima County, 8 Ariz.App. 81, 443 P.2d 443 (1968), we have assumed jurisdiction to review the challenged order.

Briefly, the facts are as follows. The real party in interest was arrested by Tucson police officers and charged with driving while intoxicated in violation of A.R.S. § 28-692. He had been stopped by the police because of the erratic manner of his driving on a public street. He was not given any *Miranda* warnings and was required to perform certain physical tests, such as the "walking-the-line" and "finger-to-nose" tests. Upon being taken to the police station, although A.R.S. § 28-691, subsec. A, as amended, was not yet operative,[1] the arrestee was informed that it was and therefore submitted to the breathalizer test.

Subsequently, a motion to quash, or in the alternative, to suppress "all evidentiary matter developed after defendant was stopped * * * and ordered out of his car * * *" was filed on the ground that no *Miranda* warnings had been given and that submission to the breathalizer test was in fact not voluntary in that it was induced by misrepresentation as to the implied consent statute. After hearing, at which conflicting testimony was presented, the respondent court entered the following order:

"It appearing on motion to quash and suppress that the miranda [sic] warnings were not given and that implied consent warning was given when in fact the law

---

1. A.R.S. § 28-691, subsec. A, as amended, provides:

"Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of § 28-692, to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. The law enforcement agency which such officer represents shall designate which of such tests shall be administered, however only the breath test shall be administered in all cases except where circumstances preclude its use."

had not gone into operation. The requirements of due process require suppression of evidence of physical and chemical tests."

Accepting as true the respondent court's factual findings with respect to the *Miranda* and implied consent warnings, the only question to be resolved is the correctness of the legal conclusion therefrom.

 As to the failure to give the *Miranda* warnings, the compulsion which makes an accused the source of real or physical evidence does not violate the privilege against self-incrimination, which extends only to evidence of a communicative nature. State v. Stuard, 104 Ariz. 305, 452 P.2d 98 (1969); State v. Fogle, 459 P.2d 873 (Or.1969); McCray v. State, 460 P.2d 160 (Nev.1969). Therefore, whether or not the warning required by *Miranda* was given does not render the physical and chemical tests herein involved constitutionally inadmissible. City of Piqua v. Hinger, 15 Ohio St.2d 110, 238 N.E.2d 766 (1968); State v. Werlinger, 170 N.W.2d 470 (S.D. 1969); State v. Faidley, 202 Kan. 517, 450 P.2d 20 (1969); City of Mercer Island v. Walker, 458 P.2d 274 (Wash.1969).

 What is the effect on the admissibility of the breathalizer test results when the officers misrepresented as to the implied consent law? In State v. Berg, 76 Ariz. 96, 259 P.2d 261 (1953), our Supreme Court held that the forcible taking of a breath specimen for the purpose of a drunkometer test was constitutionally permissible.

In Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), the Supreme Court of the United States held that evidence of the analysis of defendant's blood, taken over his objection, was not inadmissible on the ground that it violated the Fifth Amendment privilege against self-incrimination or the Fourth Amendment proscription against unreasonable searches and seizures. In State v. Berg, supra, the Court stated:

"With a rapidly increasing death toll upon the public highways of the nation, much of which may be attributed to drunk driving, we believe the slight inconvenience to a defendant arrested for drunk driving in requiring him to exhale his breath in the direction of a rubber suction tube which in nowise contacts his body or contributes to his discomfort, is a burden which such defendant must bear for the common interest.

\* \* \* \* \* \*

We can see no legal difference in the right to a specimen of defendant's breath to be used as evidence in cases of drunk driving where the body of the person is neither invaded nor assaulted and the right to search his person and premises and seizing such physical evidence as deemed necessary to procure a conviction of the crime for which he was arrested. We have read the case of Rochin v. People of the State of California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183, cited by defendant and find no similarity whatever in that case to the case at bar." 76 Ariz. at 103, 259 P.2d at 266.

If, as in *Berg*, supra, the exertion of physical force to secure a specimen of breath does not violate due process, we are unable to exalt psychological coercion to a higher status. We hold, therefore, that evidence of the breathalizer test results was not vulnerable to a due process attack.

The order of the respondent court suppressing evidence of physical and chemical tests is hereby vacated and the cause remanded for further proceedings not inconsistent herewith.

HOWARD, C. J., and HATHAWAY, J., concur.