478 P.2d 116

**The STATE of Arizona, Appellee,**

**v.**

**Donald Eugene WOOLDRIDGE, Appellant.**

**No. 2 CA–CR 216.**

Court of Appeals of Arizona,
Division 2.

Dec. 17, 1970.

As Corrected on Denial of Rehearing
Jan. 26, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Stanfield, McCarville & Coxon, by William A. Stanfield, Eloy, for appellant.

KRUCKER, Judge.

Appellant, Donald Eugene Wooldridge, hereinafter referred to as defendant, was convicted of burglary, second degree, on the 10th day of December, 1969. The information alleged a prior conviction, which

was admitted by the defendant, and he was sentenced to a term of not less than five nor more than seven years in the Arizona State Prison on the 29th day of December, 1969. Defendant was represented by counsel at all times.

The principal question raised on appeal is whether there was error in allowing the testimony of two witnesses, Ronald J. Haley and A. C. Bickford, to be presented at the trial by the reading of the testimony of the two witnesses taken at the preliminary hearing. Sufficient good faith showing was made that the witnesses had been subpoenaed and were not available for the trial, in compliance with Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L. Ed.2d 255 (1968). Defendant was represented by counsel at the preliminary hearing, and the court did not err in admitting the testimony. This question has been passed upon in Arizona in State v. Stuard, 104 Ariz. 305, 452 P.2d 98 (1969); State v. Reynolds, 7 Ariz.App. 48, 436 P.2d 142 (1968).

In a supplemental brief filed in Propria Persona by the defendant, several questions are raised. The first is that the defendant was not present in the judge's chambers at a preliminary discussion of the admissibility of the preliminary hearing transcript of testimony. In open court a proper record was made, including a discussion of the reasons behind the absence of the two witnesses. We hold that the procedural discussion in chambers was not prejudicial under the circumstances of this case.

Defendant claims that there was not sufficient foundation for the introduction of one of the exhibits, a paper bag shown to have been in defendant's possession and left in a vacant house. The exhibit had small probative value, but it was connected with the defendant and, as the weight to be given to this exhibit was left to the jury, we can see no error in its admission.

Defendant claims that the allegation of a prior conviction of burglary in Gooding County, Idaho, in the information here fails to specify the appropriate statute of the State of Idaho. We think that the precise statute need not be alleged by number. The offense is defined with particularity and the defendant admitted the prior conviction as alleged, in open court while represented by counsel.

The defendant's last claim of error raises the question of the effectiveness of the representation of court-appointed counsel. Defendant was represented at the trial in this case by Harry Bagnall, Esq., a most forceful and effective attorney. An examination of the full record indicates defendant had adequate representation at all times. No showing is made of any specific inadequacy, but merely a general statement of dissatisfaction.

Finding no error, the judgment is affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.