657 P.2d 906

Bryan N. KNOBLICH and Daniel L. Bowerman, Petitioners/Appellants,

v.

CITY COURT OF the CITY OF TUCSON, Pima County, Arizona, the Honorable Bram J. Goldman, Magistrate, Respondent,

and

STATE of Arizona, ex rel., Frederick S. DEAN, City Attorney of the City of Tucson, Real Party in Interest, Respondent/Appellee.

No. 2 CA–CIV 4347.

Court of Appeals of Arizona, Division 2.

Oct. 12, 1982.

---

William A. Martin, Tucson, for petitioner/appellant Knoblich.

Gail F. Jansen, Tucson, for petitioner/appellant Bowerman.

Frederick S. Dean, City Atty. by Susan R. Agrillo, Tucson, for respondent/appellee.

## OPINION

BIRDSALL, Judge.

This case has come to us on appeal after the superior court's denial of relief requested by special action. After expressly accepting jurisdiction, the superior court refused to disturb a ruling of the respondent city magistrate allowing into evidence breath test results in separate prosecutions of the appellants/petitioners for violations of A.R.S. § 28–692(A).[1]

The facts are undisputed. In separate incidents, the appellants were arrested for being in actual physical control of vehicles while under the influence of intoxicating liquor. Each was asked to take a breath test, and was informed that refusal to take the test would result in suspension of his driver's license pursuant to the "implied consent" statute, A.R.S. § 28–691. Believing this warning, each consented and gave a sample of his breath.

The legal issue here is raised by additional facts and by a discrepancy between the two cited statutes. A.R.S. § 28–692 applies to conduct involving any vehicle anywhere in the state. A.R.S. § 28–691 applies to drivers who operate *motor* vehicles upon *public highways* and requires that the test "be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor." The conduct observed by the officers in this case took place entirely on private property. For purposes of its ruling, the city court assumed further that the arresting officers did not have the "reasonable grounds to believe ..." required by A.R.S. § 28–691(A), and that they had intentionally deceived the appellants into believing that the statute applied in a situation where it did not.

The issue, then, is whether this deception by the arresting officers was an illegality requiring suppression of the breath test results at the appellants' trials. Relying upon *State ex rel. Murphy v. City Court of City of Tucson,* 12 Ariz.App. 529, 472 P.2d 952 (1970), both the city court and the superior court ruled that suppression was not required. We agree.

In *Murphy,* the arresting officers had told the defendant that the "implied consent" statute was in effect when in fact the law had not yet gone into operation. In vacating the city court's order suppressing the results of the breath test, this court referred to the law in existence at the time of

---

1. "It is unlawful and punishable as provided in § 28–692.01 for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state."

the arrest. Noting that the officers could lawfully have taken the breath sample *without* the defendant's consent, even by force if necessary, *Schmerber v. State of California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *State v. Berg,* 76 Ariz. 96, 259 P.2d 261 (1953), we stated:

> "If ... the exertion of physical force to secure a specimen of breath does not violate due process, we are unable to exalt psychological coercion to a higher status. We hold, therefore, that evidence of the breathalizer test results was not vulnerable to a due process attack." 12 Ariz.App. at 531, 472 P.2d at 954.

Neither party quarrels with the continued validity of *Murphy.* The appellant's however, attempt to distinguish that case by asserting that the law in effect at the time of their arrests was A.R.S. § 28–691 (rather than the constitutional law applied in *Murphy*); that the statute did not apply to them; and that its "use" to obtain submission to the breath test "violated" the statute by extending its coercive reach beyond the boundaries established by the legislature. More simply put, they argue that the statute did not apply to them but did apply to the officers.

■ The basic principle of *Murphy* is that the legality of conduct must be determined with reference to applicable law actually in effect, not the law falsely represented to apply. A.R.S. § 28–691 was not applicable to the situation presented. Its only connection with this case—that it was mentioned in a representation respecting the consequences of refusal—did not make it applicable so that it could be "violated." For present purposes, it does not matter whether the officers made the believable assertion that the appellants' licenses would be suspended, or told them their ears would fall off if they refused to take the breath test. Either falsehood, if believed, would have the effect of coercing consent to the breath test. That form of coercion, however, does not render the test result inadmissible, since

the test may lawfully be administered without *any* consent, much less truly voluntary consent.[2] *Breithaupt v. Abram,* 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448 (1957); *Schmerber v. State of California, supra; Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971); *See generally* Annot. 25 A.L.R.2d 1407.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.

---

**2.** It is this fact above all others that has spared "implied consent" statutes from constitutional

attack. *See Campbell v. Superior Court, infra.*