487 So.2d 703 (1986)
STATE of Louisiana
v.
Johnny B. BEELAND.
No. 85-K-692.
Court of Appeal of Louisiana, Fifth Circuit.
April 14, 1986.
John M. Mamoulides, Ronald Bodenheimer, Dorothy A. Pendergast, Office of Dist. Atty., Gretna, for plaintiff-appellee.
Douglas A. Allen, Jr., Jefferson, for defendant-appellant.
Before KLIEBERT, BOWES and GAUDIN, JJ.
GAUDIN, Judge.
Johnny B. Beeland pled guilty to driving while intoxicated and other traffic offenses in the First Parish Court of Jefferson Parish, reserving his right, under State v. Crosby, 338 So.2d 584 (La.1976), to challenge on appeal the constitutionality of the field sobriety test administered to him by a police officer just after his arrest. This is the only issue now before us.
The field sobriety test is given to motorists suspected of intoxication. The policeman asks the driver to walk a straight line, touch the tip of his nose with his finger, stand on one foot, count in sequence, etc. Later, at trial, the officer describes the driver's coordination, or lack thereof. Such a test was administered to Beeland.
Appellant contends that the test violates the Fifth Amendment to the United States Constitution and similar provisions of the Louisiana Constitution of 1974 because (1) whether a person fails or passes depends on the subjective whim of the deputy, (2) the motorist is compelled to be a witness against himself and (3) the driver is not *704 advised of his constitutional and procedural rights before being asked to take the test.
These assertions, however, run contrary to Louisiana jurisprudence which hold the administration of field sobriety tests legal. In State v. Allen, 440 So.2d 1330 (La.1983), the Supreme Court of Louisiana, at page 1334, stated:
"This court has indicated that `[i]ntoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify.' State v. Spence, supra [418 So.2d 583], at 589 [La.1982]; State v. Badon, supra at 1179; State v. Neal, 321 So.2d 497, 500 (La.1975).
"In conducting the field sobriety test, Officer Dufrene was gathering evidence as an observer of coordination. Gathering evidence is not an exclusive function of the legislature.
"The ultimate decision of whether or not the defendant was intoxicated rests with the fact finder. The court did not err in admitting evidence of the field sobriety test."
The Supreme Court had previously said, in State v. Badon, 401 So.2d 1178 (La. 1981), that so-called Miranda rights need not be advised before field sobriety tests are conducted.
From Badon:
"In Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966), the Supreme Court held that `... the prosecution may not use statements, whether exculpatory and inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.' In Schmerber v. California, 384 U.S. 757, 761, 86 S.Ct. 1826, 1830, 16 L.Ed.2d 908 (1966), decided the same term, the court then emphasized that the Fifth Amendment privilege, and the coextensive Miranda safeguards `protect [] an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature ...' `The distinction which has emerged ...' the court noted, `is that the privilege is a bar against compelling `communications's' or `testimony,' but that compulsion which makes a suspect or accused the source of `real or physical evidence' does not violate it.' Id., 384 U.S. at 764, 86 S.Ct. at 1832.
"Courts that have considered the present question have held uniformly that a field sobriety test does not touch upon an individual's Fifth Amendment privilege and that no Miranda warnings are therefore required. City of Wahpeton v. Skoog, 300 N.W.2d 243 (N.D.1980); People v. Ramirez, [199 Colo. 367], 609 P.2d 616 (Colo.1980); Palmer v. State, 604 P.2d 1106 (Alaska 1979); Commonwealth v. Benson, 280 Pa.Super. 20, 421 A.2d 383 (1980); Trail v. State, 526 S.W.2d 127 (Tenn.Cr.App.1975). In City of Wahpeton v. Skoog, supra, 300 N.W.2d at 245, the Supreme Court of North Dakota set forth the appropriate Fifth Amendment analysis under Schmerber and we now adopt its reasons as our own:
"Field sobriety tests are based on the relationship between intoxication and the loss of coordination which intoxication causes. These tests do not force the subject to betray his subjective knowledge through his communicative facilities. They only compel the suspect to exhibit his physical characteristics of coordination as a source of real or physical evidence which may be testified to by the officer observing the tests. They require the suspect `to stand, to assume a stance, to walk, or to make a gesture' within the purview of Schmerber. We note, as the Schmerber court did, that `[s]ome tests seemingly directed to obtain `physical evidence,' for example, lie detector tests measuring changes in body function during interrogation, may actually be directed to eliciting responses which are essentially testimonial.' In this instance, however, no such problem exists. Thus, we believe that field sobriety tests are physical and real evidence *705 and do not activate the protections afforded by the Fifth Amendment."
Accordingly, we find no merit in Beeland's unconstitutionality argument. We note that appellant does not question the probable cause for his stop and arrest. In addition to DWI, Beeland was charged with speeding, having no driver's license on his person and operating a vehicle with an expired brake tag.
We affirm the decision of the First Parish Court holding as constitutional the field sobriety test as currently administered by arresting police officers.
AFFIRMED.