THE STATE OF OHIO, APPELLEE, *v.* JONES, APPELLANT.

(No. 2228 — Decided July 22, 1987.)

*Frank C. Oehl,* assistant prosecuting attorney, for appellee.
*V. Lee Winchell,* for appellant.

GEORGE, J.   Denver Lee Jones, defendant-appellant, was charged with assaulting his former wife. R.C. 2903.13(A). When he was arraigned he requested a continuance in order that he might be able to consult with an attorney before entering a plea. A continuance was granted. Defendant appeared on the scheduled date with appointed counsel and entered a plea of not guilty.

On October 16, 1986, between the

date of the defendant's arrest and trial, he was sentenced on earlier charges — assault and criminal damaging — to six months and ninety days, respectively, with the sentences to be served consecutively. Thus, the defendant remained in jail from the date of his arrest on October 2, 1986 through the date of trial, November 13, 1986.

The docket indicates that appointed counsel requested discovery, that the state answered the request, that a pretrial was held, that trial was scheduled for October 21, 1986, and that witnesses were subpoenaed for that date. On the date of trial, a continuance was granted upon the defendant's request because he had failed to subpoena his witnesses. Trial was reset for November 13, 1986.

A second motion for continuance of the trial date was filed by the defendant, November 12, 1986, by private counsel indicating counsel's unavailability on November 13, 1986. That motion was denied on November 13, 1986 just prior to trial.

On the first date trial was set, October 21, 1986, the state's witnesses had been subpoenaed and were present. The state was ready to proceed. A continuance was requested by the defendant in order that he could subpoena his two witnesses. That continuance was granted and the matter was rescheduled for November 13, 1986.

A week before the scheduled trial date, private counsel approached the court indicating his unavailability on November 13, 1986 and exploring the possibility of obtaining a continuance. The trial court advised private counsel that a continuance would not likely be granted. A written request was filed the day before the scheduled date of trial.

On November 13, 1986, appointed counsel was present with the defendant. The state was once again ready to proceed, its witnesses being present

in answer to subpoenas. Additionally, the trial court had arranged for an incarcerated witness, requested to be present by the defense, to be transported to testify at trial.

Prior to trial, the defendant requested that he be given a continuance to allow his chosen private counsel, whom he knew to be unable to be present on the day of trial, to represent him. The trial court denied the request and the matter proceeded to trial with appointed counsel representing the defendant.

The defendant was found guilty of assault and he was immediately sentenced to six months in jail with ninety days being suspended. The sentence of actual incarceration was ordered to be served consecutively with the sentence defendant was already serving for the prior offenses.

### Assignment of Error I

"The trial court's denial of the appellant's requests for a continuance on November 12, 1986, and November 13, 1986, of the November 13, 1986 trial date was an abuse of discretion which resulted in a denial of due process to the appellant."

The trial court had granted the defendant two separate continuances, one of which was to continue the date of trial from October 21, 1986 to November 13, 1986. The second request to continue the date of trial was denied. Such a denial was clearly within the sound, broad discretion of the court. Upon review of the denial of a continuance, absent a showing of an abuse of discretion, the ruling must be affirmed. *State* v. *Unger* (1981), 67 Ohio St. 2d 65, 67, 21 O.O. 3d 41, 43, 423 N.E. 2d 1078, 1080.

The defendant properly points out that the trial court should balance various factors in ruling on continuances. These factors, representing competing interests, include the defen-

dant's right to counsel, any potential prejudice to the defendant and to the state, the court's right to control its own docket, and the public's interest in obtaining prompt justice. To balance the weight of these various factors, consideration must be directed to several areas of inquiry. What was the length of the delay requested? Was any other continuance granted? What inconvenience might result? What is the reason cited for the delay? Is the need for the continuance attributable to the party requesting it? What, if any, other relevant factors are present? *State* v. *Unger, supra.*

The circumstances evident in each case dictate whether a denial of a continuance was arbitrary. In *Unger* v. *Sarafite* (1964), 376 U.S. 575, at 589, the court held that: "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."

In this case, the defendant was present with appointed counsel on the date of trial; the trial had been continued at defendant's request once before; the state had been ready to proceed with its witnesses once before and this was the second time it was ready; the request for a continuance did not reflect the specific time necessary for the delay; and the need for the delay was attributable to the defendant. Here, the defendant chose private counsel who was unavailable on the date of trial, knowing him to be unavailable.

These facts do not support a conclusion that the denial of the continuance in this case was either unreasonable, arbitrary or unconscionable. See *State* v. *Maurer* (1984), 15 Ohio St. 3d 239, 250, 15 OBR 379, 389, 473 N.E. 2d 768, 780, cited with approval in *Ruwe* v. *Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St. 3d 59, 61, 29 OBR 441, 443, 505 N.E. 2d 957, 959. Therefore, the first assignment of error is overruled.

### Assignment of Error II

"The trial court's refusal to grant the appellant's request for continuance effectively denied the appellant of his right to effective assistance of counsel."

Neither the denial of defendant's motion for a continuance nor the failure of appointed counsel to call the defendant to the witness stand to testify, taken together or individually, rises to a denial of the right to effective assistance of counsel. In *State* v. *Brooks* (1986), 25 Ohio St. 3d 144, 147, 25 OBR 190, 193, 495 N.E. 2d 407, 410, the Supreme Court adopted the two-part test enunciated in *Strickland* v. *Washington* (1984), 466 U.S. 668. In this case the defendant has failed to show how he has been prejudiced and, further, he has failed to show that there is a reasonable probability that the results of the proceeding would have been different.

Thus, the second assignment of error is also overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, J., concurs.

MAHONEY, P.J., dissents.

MAHONEY, P.J., dissenting. I dissent. Both the Ohio and federal Constitutions grant the defendant a right to counsel of his own choosing. Here the defendant told the court he wanted a lawyer of his own choosing (*Powell* v. *Alabama* [1932], 287 U.S. 45). That lawyer went to the trial judge seven days before the trial date and requested a continuance because he had

a previously scheduled trial on another matter on the same day before another judge of the same court. The trial judge (it appears from the record) made no effort to accommodate the situation, but arbitrarily denied the motion. Jones was at that time serving a sentence so he posed no threat to society. Certainly a request seven days before trial is not unreasonable and only minimally discommoding to the trial court. As was stated in *Ungar* v. *Sarafite* (1964), 376 U.S. 575, 589:

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence * * *. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. * * *"

In *Linton* v. *Perini* (C.A. 6, 1981), 656 F. 2d 207, at 209, the circuit court said:

"It is also true that a trial court, acting in the name of calendar control, cannot arbitrarily and unreasonably interfere with a client's right to be represented by the attorney he has selected. On the other hand, the right to counsel of choice may not be used to unreasonably delay trial."

It should be remembered that harmless error tests are not relevant to Sixth Amendment guarantees of assistance of counsel. *Holloway* v. *Arkansas* (1978), 435 U.S. 475.