## State v. Fafrak
### *[Cite as 8 AOA 453]*

*Case No. 1897*
*Medina County, (9th)*
*Decided December 12, 1990*

*Lawrence J. Courtney, Asst. Prosecutor, 203 N. Broadway St., Medina, Ohio 44256, for Plaintiff.*

*Jill R. Heck, 7 Public Square, Medina, Ohio 44256 for Defendant.*

CIRIGLIANO, J.

On January 12, 1989, Joan E. Fafrak, defendant-appellant, was issued a citation for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and for failing to stop within an assured clear distance in violation of R.C. 4511.21(A). The charges resulted from an automobile accident that occurred in Medina County that same day.

After several trial continuances were granted either at the request of one of the parties or, by the court *sua sponte,* a jury trial was scheduled for December 5, 1989. On December 4, 1989 Fafrak filed a waiver of a jury trial. Subsequently, the case was set for a bench trial on January 26, 1990.

On January 11, 1990 appellant filed a second demand for a jury trial which the trial court denied. Fafrak motioned for a continuance of the case two days before the January trial date since her former counsel was permitted to withdraw from the case and, she had retained new counsel. The trial court denied this motion.

A bench trial was held in the Medina Municipal Court and the appellant was found guilty of both charges. Fafrak appeals the trial Court's judgment and sentence raising five assignments of error.

### Assignment of Error I

"The trial court committed error by not granting Appellant's January 11, 1990 demand for jury trial."

Fafrak argues that the trial court Committed reversible error when it denied a motion for a trial by jury which was timely filed pursuant to Crim. R. 23 (A) after she had previously waived her right to a trial by jury pursuant to R.C. 2945.05. We agree.

R.C. 2945.05 provides in pertinent part:

"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury.***.

"***Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."

Crim. R. 23(A) provides:

"***In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, which ever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

In *State v. Grimsley* (1982), 3 Ohio App. 3d 265 the court held that it was error when the trial court denied a defendant's second demand for a jury trial which was timely filed pursuant to Crim. R. 23(A) following a statutory jury trial waiver in accordance with R.C. 2945.05. The Supreme Court of Ohio, recognizing the fundamental right of trial by jury, has held that the time limits of Crim. R. 23(A), regarding the filing of a jury demand, are to be computed with respect to the last scheduled trial date. *Tallmadge v. DeGraft-*

*Biney* (1988), 39 Ohio St. 3d 300, syllabus. Further, the court held:

"The provision of Crim. R. 23(A) requiring that jury demands in petty offense cases be filed 'not less than ten days prior to the date set for trial' means ten days before the *actual* trial date regardless of the number of continuances for what ever reasons which may have been granted."

*Id.* at 303. (Emphasis in original.)

In the instant Case, the defendant filed a statutory waiver of her right to a jury trial on December 4, 1989. Her case was rescheduled for a bench trial on January 26, 1990. On January 11, 1990 Fafrak refiled her request for a trial by jury which the trial court denied the same day. we find the decision in *Grimsley, supra,* controlling and note that Fafrak's demand was timely filed within the applicable ten day time period set forth in Crim. R. 23(A). Therefore, we sustain appellant's first assignment of error.

### Assignment of Error II

"The trial court abused its discretion when it failed to grant new counsel a motion for continuance two days before trial."

Upon review of the denial of a continuance, absent a showing of an abuse of discretion, the ruling must be affirmed. *State v. Unger* (1981), 67 Ohio St. 2d 65, 67. In ruling on motions for continuance, a trial court should balance factors including the defendant's right to counsel, potential prejudice to the defendant and to the state, the court's right to control its own docket and the public's interest in prompt justice. *State v. Jones* (1987), 42 Ohio App. 3d 14, 15-16.

There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. *Ungar v. Sarafite* (1964), 376 U.S. 575, 589. The answer must be found in the Circumstances in every case. *State v. Jones, supra,* at 16.

In the instant case, a continuance was requested two days prior to trial when the defendant dismissed her former counsel and hired a new attorney to represent her. We note that this case was over one year old when the request for withdrawal of counsel was filed. Furthermore, defendant had representation by counsel from the time of her arraignment in December 1989, to the time the request from her former counsel to withdraw was filed two days before trial when Fafrak decided to retain new counsel. In light

of these facts we cannot say that such facts support the conclusion that the denial of he continuance in this case was unreasonable, arbitrary or unconscionable. *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St. 3d 59, 61. Therefore, this assignment of error is overruled.

### Assignment of Error III

"The trial court erred when in rendering its final decision, it found appellant's refusal to answer questions at the hospital inconsistent with her testimony at trial when she had no obligation to answer the officer's questions at the hospital in accordance with her Fifth Amendment right."

Fafrak argues that the trial court used the defendant's silence following the state trooper's administration of *Miranda* warnings as a basis of finding her guilty of the offenses charged. We disagree.

In its decision the court stated:[1]

"I would indicate that there are, with regard to credibility, a couple of matters that cause concern with reference to the testimony presented by the defendant. First, there has been at least three different versions as to the amounts consumed, one initially given to the trooper on the evening of the accident of two beers; one and a half admitted to in a hearing later in this court; and a testimony today of two sips of one beer; the testimony today with regard to where the defendant was coming from was a fairly innocent story and made sense under the type of circumstances, yet on the evening of this offense, after being advised of her rights pursuant to Miranda, she began to answer questions by the trooper. The defendant refused to answer the, 'Where did you start from?' and did not answer any additional questions after that.***"

It is obvious from the excerpt above that the trial court was concerned with the defendant's credibility arising from the discrepancies in her testimony regarding the amount of alcohol consumed that evening and not her post-arrest silence following the administration of the *Miranda* warnings. The weight to be given evidence and the credibility of the witness are primarily for the trier of facts. *State v. DeHass* (1967), 10 Ohio St. 2d 230, paragraph one of the syllabus. We find this assignment of error not well taken and overrule it. However, given our disposition of the case based on the first assignment of error the issue is now moot.

### Assignment of Error IV

"The trial court erred in finding appellant guilty of driving under the influence in that the defense presented sufficient facts casting reasonable doubt upon the state's case. Thus, the verdict is against the weight of the evidence."

In considering a claim that a conviction is against the weight of the evidence, this court must review the entire record, weigh the evidence and all reasonable inferences, Consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Martin* (1983), 20 Ohio App. 3d 172, paragraph three of the syllabus.

· Given our decision in the first assignment of error this issue is now moot, however, in our review of the record we overrule the assignment of error.

### Assignment of Error V

"Appellant was afforded ineffective assistance of counsel when, at the motion to suppress, counsel withdrew the issue pertaining to appellant's Miranda warnings."

Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *State v. Bradley* (1989), 42 Ohio St. 3d 136, paragraph two of the syllabus; *Strickland v. Washington* (1984), 466 U.S. 668. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's error, the result of the trial would have been different. *State v. Bradley, supra,* at paragraph three of the syllabus.

In the instant case, the defendant has not shown either a deficient performance or prejudice that would change the outcome of this case by failing to raise the issue of the administration of the horizontal gaze nystagmus sobriety test (HGN) as a violation of *Miranda v. Arizona* (1966), 384 U.S. 436.

The HGN test is similar to other field sobriety tests and is admissible without expert testimony. *State v. Bresson* (1990), 51 Ohio St. 3d 123, 127; *State v. Nagel* (1986), 30 Ohio App. 3d 80; *State v. Welday* (Sept. 27, 1989), Medina App. No. 1793, unreported. A

properly qualified officer may testify at trial regarding a driver's performance on the HGN test as to the issues of probable cause to arrest and whether the driver was operating a vehicle while under the influence of alcohol (R.C. 4511.19(A)(1)). *State v. Bresson, supra,* at 130.

The United States Supreme Court has held that only testimonial and communicative acts are protected by the privilege against self-incrimination set forth in the Fifth Amendment. See *Schmerber v. California* (1966), 384 Ohio St. 757. In *Piqua v. Hinger* (1968), 15 Ohio St. 2d 110, cert. denied, (1986) 393 U.S. 1001, the Supreme Court of Ohio held that physical sobriety tests and films made of them did not constitute "testimonial or communicative acts" that are protected by the constitutional privilege against self-incrimination. *Id.,* at paragraph one of the syllabus; *State v. Brandenburg* (1987), 41 Ohio App. 3d 109, 111. Further, testimony regarding such tests are admissible in evidence irrespective of whether the *Miranda* warnings are given. *Piqua v. Hinger, supra,* at paragraph two of the syllabus.

Accordingly, based on the present state of the law, the withdrawal of this issue by Fafrak's attorney, relating to the HGN test was neither deficient nor was there a demonstration of prejudice resulting from such withdrawal. *State v. Bradley, supra.* Therefore, Fafrak's fifth assignment of error is not well taken and is overruled.

Given our decision in Fafrak's first assignment of error the judgment of the trial court is reversed and we remand the case for further proceedings consistent with this opinion and the law.

CACIOPPO, P.J., and MAHONEY, J., concur.

Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, Section 6(C), Constitution.

---

[1] We agree with the appellee that the direct quote cited in appellant's brief page 14 was not a complete quote. When text is omitted from a direct quote the use of an ellipsis (***) is proper to indicate that portions were not included in the quoted material.