JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Walter B. Stewart, Jr., appeals from the judgment of the Berea Municipal Court, Criminal Division, which found him guilty of driving under the influence of alcohol. For the following reasons, the appellant's appeal is not well taken.
 {¶ 2} On July 28, 2000, Officer James Tesar of the Brook Park Police Department observed Stewart traveling at a high rate of speed and making unsafe lane changes on Smith Road in the City of Brook Park, Ohio. Officer Tesar pursued Stewart, activated his overhead lights and initiated a traffic stop. After stopping Stewart's vehicle, the officer approached and requested him to exit his vehicle.
 {¶ 3} In observing Stewart exit his vehicle, the officer testified that he was unsteady in his movements. The officer requested that he walk to the rear of the vehicle, and at this point, inquired if he had been drinking that evening. Stewart responded that he had had a few drinks that evening.
 {¶ 4} In further observing Stewart, the officer testified that he smelled of alcohol and appeared to be confused about where he was coming from.[1] While on the scene, the officer administered the horizontal gaze nystagmus test to him. In administering the test, the officer observed six out of six cues being present, which would indicate that Stewart was alcohol impaired.
 {¶ 5} As a result of the test and the officer's observations, Stewart was placed under arrest and transported to the Brook Park Police Department. While in the booking room, he was observed by Officer Trenton Brown and Officer Myron Sulminski of the Brook Park Police Department. At trial, each officer testified that Stewart had smelled of alcohol and appeared glassy-eyed while in the booking room.
 {¶ 6} In the course of booking, the arresting officer, Tesar, requested that Stewart submit to a breath alcohol test, which he refused. Despite refusing the breath alcohol test, Stewart did submit to two additional sobriety tests in the booking room. The first test was the one-leg stand test, which he failed. Tesar and Officer Sulminski testified that during the one-leg stand test, Stewart had to put his foot down three separate times, and he repeated the number 19 twice while reciting a series of numbers. The second test was the walk-and-turn test, which required Stewart to traverse a line in the booking room and perform an instructed turn. He failed this test as well by causing his hands to raise from his side, failing to walk in a heel-to-toe manner, stepping off the line, and performing an improper turn.
 {¶ 7} Stewart was formally charged with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(a)(1); speeding, in violation of R.C. 4511.21; and improper lane change, in violation of R.C. 4511.39.[2] Prior to trial, he filed a motion to suppress, alleging that several statements he made to the police were inadmissible and the officer lacked probable cause to arrest him. The lower court denied the motion to suppress, and the matter proceeded to trial wherein a jury found him guilty of the aforementioned charge.
 {¶ 8} Stewart now appeals and presents three assignments of error for this court's review. His first assignment of error states:
 {¶ 9} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 {¶ 10} The appellant argues that the officer lacked probable cause to arrest him because the facts and circumstances would not indicate that the officer had an articulable and reasonable suspicion that he was intoxicated.
 {¶ 11} When considering a motion to suppress, a trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Mills (1992),62 Ohio St.3d 357, 366. Accordingly, a reviewing court must defer to the trial court's findings of fact and conclusions of law if competent and credible evidence exists to support the trial court's findings. See Statev. Smith (1997), 80 Ohio St.3d 89, 105. Furthermore, the state's burden of proof on a motion to suppress evidence is by a preponderance of the evidence. See Athens v. Wolf (1974), 38 Ohio St.2d 237.
 {¶ 12} Regarding the propriety of an investigatory stop, the court in State v. Andrews (1991), 57 Ohio St.3d 86, 87, reiterated the standard as provided in Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889:
 {¶ 13} "In Terry, the United States Supreme Court held that a police officer may stop and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. In assessing that conclusion, the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."
 {¶ 14} Further, the propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
 {¶ 15} As to probable cause for arrest in a DUI case, the court inState v. Homan (2000), 89 Ohio St.3d 421, reiterated the following standard:
 {¶ 16} "In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. * * * In making this determination, we will examine the totality of facts and circumstances surrounding the arrest." (Citations omitted.)
 {¶ 17} In reviewing the record, it is clear that there existed ample probable cause to arrest the appellant for DUI. The appellant contends that the officer lacked probable cause despite the fact that he was speeding, making erratic lane changes, smelled of alcohol, was unsteady in exiting his vehicle and admitting to consuming several drinks that evening. He further argues that these "minimal" findings are inadequate to establish probable cause to arrest. See State v. Taylor
(1981), 3 Ohio App.3d 197 (finding that excessive speed coupled with the arresting officer's perception of a non-pervasive odor of alcohol did not furnish probable cause for an arrest).
 {¶ 18} Similar to the case at hand, in City of Rocky River v.Horvath (April 11, 2002), Cuyahoga App. No. 79997, this court held that probable cause existed to arrest the defendant due to weaving and veering into the left lane, the odor of alcohol, and glassy eyes. Additionally, in City of North Olmsted v. Pelz (Nov. 5, 1998), Cuyahoga App. No. 73654, this court held that probable cause existed to arrest the defendant because of weaving between lanes, a strong odor of alcohol on the defendant's breath and blood-shot eyes.
 {¶ 19} Therefore, it is clear when considering the totality of the circumstances that the officer in the case at hand had the requisite probable cause to arrest the appellant. The arresting officer observed the appellant speeding and making erratic lane changes. Further, upon pulling over the appellant, the officer smelled alcohol on him and observed his unsteady demeanor as he exited the vehicle that he was driving. Last, the appellant admitted to drinking earlier that evening. As such, this court cannot conclude that the lower court erred in denying the appellant's motion to suppress in relation to the probable cause issue.
 {¶ 20} Last, the appellant argues that the lower court erred in denying his motion to suppress because the arresting officer failed to formally Mirandize him in accordance with Miranda v. Arizona (1966),382 U.S. 436. Specifically, he argues that his statements in relation to the consumption of alcohol that evening should have been suppressed.
 {¶ 21} In Piqua v. Hinger (1968), 15 Ohio St.2d 110, the Ohio Supreme Court addressed this issue of Miranda rights in relation to field sobriety tests in its syllabus:
 {¶ 22} "1. Physical tests, whereby a person accused of operating a motor vehicle while under the influence of intoxicating liquor is required to write his name and address, to pick up coins placed on the floor, to close his eyes and touch his hand to his nose, and to submit to a breathalyzer test, and motion picture films made thereof, are real or physical evidence and not such communication or testimony of the accused as is protected by the constitutional privilege against self-incrimination.
 {¶ 23} "2. Testimony regarding such tests, and the films thereof, are not subject to exclusion by reason of the failure to advise the accused of his constitutional rights as required by Miranda v. Arizona,384 U.S. 346, and are admissible in evidence irrespective of whether such advice is given." (Schmerber v. California, 384 U.S. 757.)
 {¶ 24} Accordingly, the appellant's statements made concerning his field sobriety test, prior to being formally arrested, were not subject to exclusion by reason of failure to advise him of his constitutional rights as required by Miranda. The appellant's statement that he had consumed a few drinks previously was made during the initial investigation by the arresting officer into the appellant's well being. As such, the appellant's first assignment of error is not well taken.
 {¶ 25} The appellant's second assignment of error states:
 {¶ 26} "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIM.R. 29."
 {¶ 27} Under Crim.R. 29, a trial court "shall not order an entry of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. "A motion for judgment of acquittal under Crim.R. 29(A) should only be granted where reasonable minds could not fail to find reasonable doubt." State v. Apanovitch (1987),33 Ohio St.3d 18, 23.
 {¶ 28} Thus, the test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the sufficiency of the evidence to support a conviction. See State v. Bell (May 26, 1994), Cuyahoga App. No. 65356. InState v. Jenks (1991), 61 Ohio St.3d 259, 273, the Ohio Supreme Court set forth the test an appellate court should apply when reviewing the sufficiency of the evidence to support a conviction:
 {¶ 29} "[T]he relevant inquiry on appeal is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. In other words, an appellate court's function when reviewing the sufficiency of the evidence is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Eley [(1978), 56 Ohio St.2d 169]. See, also, Jackson v. Virginia
(1979), 443 U.S. 307; 99 S.Ct 2781; 61 L.Ed.2d 560."
 {¶ 30} The appellant argues that insufficient evidence existed to prove the elements of the charge beyond a reasonable doubt. R.C. 4511.19
provides in pertinent part as follows:
 {¶ 31} "(A) No person shall operate any vehicle, streetcar, or trackless trolley within the state, if any of the following apply:
 {¶ 32} "(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse."
 {¶ 33} The appellant offers that the only evidence presented by the state was the fact that the appellant was speeding, had made two unsafe lane changes, exhibited an odor of alcohol from his person, was seemingly confused and uncertain, exhibited slurred speech, used his hand to steady himself, and that he admitted to consuming a few beers that evening. In addition to the evidence highlighted by the appellant, it is worth noting that the appellant also failed three separate sobriety tests.
 {¶ 34} In considering all the evidence presented at trial, taken together, it is apparent that the lower court did not err in finding that the state had presented sufficient evidence to withstand a Crim.R. 29 motion. Accordingly, the appellant's second assignment of error is without merit.
 {¶ 35} The appellant's third assignment of error states:
 {¶ 36} "III. APPELLANT'S CONVICTION FOR DUI WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 37} State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 38} "There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *. See Tibbs v. Florida (1982), 457 U.S. 31, 38, 42." State v. Martin, supra, at 175.
 {¶ 39} Moreover, the weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin, supra.
 {¶ 40} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court, in State v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442 and 64443, adopted the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10, syllabus. These factors, which this court noted are in no way exhaustive, include:
 {¶ 41} 1. Knowledge that even a reviewing court is not required to accept the incredible as true;
 {¶ 42} 2. Whether evidence is uncontradicted;
 {¶ 43} 3. Whether a witness was impeached;
 {¶ 44} 4. Attention to what was not proved;
 {¶ 45} 5. The certainty of the evidence;
 {¶ 46} 6. The reliability of the evidence;
 {¶ 47} 7. The extent to which a witness may have a personal interest to advance or defend their testimony; and
 {¶ 48} 8. The extent to which the evidence is vague, uncertain, conflicting or fragmentary.
 {¶ 49} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt.State v. Eley (1978), 56 Ohio St.2d 169.
 {¶ 50} In reviewing the record and weighing all of the evidence and all reasonable inferences, it is apparent that the trier of fact did not lose its way or create a manifest miscarriage of justice that would warrant a reversal. As previously stated, the arresting officer observed the appellant speeding through traffic and making erratic lane changes. After pulling the appellant over, the officer observed his unsteady actions and the odor of alcohol on him. Last, three separate sobriety tests were performed by the appellant, all of which he failed. Clearly, the jury, in weighing the evidence, the credibility of the witnesses and testimony elicited at trial, could have concluded that the appellant was guilty beyond a reasonable doubt. Moreover, determination as to what occurred is a question for the trier of fact, and it is not the function of the appellate court to substitute its judgment for that of the factfinder. See State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 51} Accordingly, we find no merit to the appellant's third assignment of error.
Judgment affirmed.
TIMOTHY E. McMONAGLE, A.J., AND TERRENCE O'DONNELL, J., CONCUR.
KEY WORDS:
Motions, Acquittal, To Suppress; Miranda Warnings; Motor Vehicles, D.U.I.
[1] The appellant is a resident of Florida.
[2] The appellant pled no contest to the speeding violation and improper lane change violation prior to trial. The instant appeal deals only with the charge for operation of a motor vehicle while under the influence of alcohol.