579 P.2d 1112

**STATE of Arizona ex rel. Andy BAUMERT, Phoenix City Attorney, Appellant,**

v.

**The MUNICIPAL COURT OF the CITY OF PHOENIX, Arizona, and the Honorable H. B. Daniels, Judge thereof, and Paul A. MILLER, Defendant and Real Party in Interest, Appellees.**

**No. 1 CA–CIV 3887.**

Court of Appeals of Arizona, Division 1, Department A.

March 21, 1978.

Rehearing Denied April 21, 1978.

Review Denied May 31, 1978.

City of Phoenix by Oscar L. Sutton, Asst. City Prosecutor, Phoenix, for appellant.

Reginald R. Kiefer, Jr., Phoenix, for appellee Paul A. Miller, real party in interest.

## OPINION

HAIRE, Presiding Judge.

This appeal arises out of a criminal prosecution for driving while intoxicated (DWI) and concerns the admissibility of evidence of the defendant's alleged refusal to take a breathalyzer test. The question has been presented to this Court on an appeal from a Maricopa County Superior Court special action proceeding wherein the superior court upheld the ruling denying admissibility made by the municipal court judge. The state contends that the appellee municipal court judge erroneously granted the defendant's motion *in limine* to prohibit the state from introducing any evidence relating to the defendant's alleged refusal to submit to the test under the provisions of A.R.S. § 28–691. The procedural background which gave rise to the municipal court's ruling is as follows.

After the arrest of the defendant on DWI charges, he was taken to the Phoenix Police Main Station and offered a breathalyzer test, which, according to the state, he refused to take. Thereafter, and prior to trial on the DWI charges, the Motor Vehicle Department, acting pursuant to § 28–691 D, suspended defendant's drivers license because of the alleged refusal to submit to the breathalyzer test. Defendant, contending that he had not refused to submit to the test, timely requested an administrative hearing relating to that question. At the administrative hearing, he presented testimony, including that of an expert medical witness, which led the hearing officer to conclude that defendant did not refuse, within the meaning of the statute, to take the breathalyzer test. Rather, the hearing officer concluded that defendant was physically unable to take the test because of an asthma problem. The state allowed the hearing officer's administrative findings to become final without any request for further review in the superior court.

Subsequently, on the day set for defendant's trial on the DWI charges, the state moved *in limine* requesting that the municipal court judge enter an order precluding the defendant from introducing into evidence at the criminal trial the finding of the administrative hearing officer that defendant had not refused to take the breathalyzer test. The defendant then countered with his own motion *in limine*, requesting that, in view of the administrative hearing results, the state be precluded from introducing any evidence relating to defendant's alleged refusal to take the breathalyzer test. The municipal court judge granted the defendant's motion, thereby precluding the introduction of any evidence in the criminal proceeding relating to the alleged refusal to take the test. As previously indicated, the action of the municipal court judge was upheld in special action proceedings in the Maricopa County Superior Court, resulting in the appeal by the state to this Court.

In Arizona, the state's right in a criminal prosecution to introduce evidence of the defendant's refusal to submit to a chemical test for intoxication arises from the provisions of A.R.S. § 28–692 H.[1] In support of the trial court's ruling, the defendant emphasizes that pursuant to the statutory authorization, not every refusal of a defendant to submit to a chemical test for intoxication is made admissible in evidence in subsequent civil or criminal proceedings. Rather, only those refusals "under the provisions of § 28–691" are made admissible. From this premise, the defendant urges that in his case, by the time of the DWI prosecution trial there had already been a determination that he had not refused to submit to the chemical test "under the provisions of § 28–691", and that this determination had been made through the administrative machinery expressly set forth for that purpose in § 28–691.[2]

In our opinion, the defendant's contentions are sound. In arriving at this conclusion, we are aware of the Arizona Supreme Court's two *Campbell* decisions[3] wherein the court recognized that proceedings to determine or review suspension of a driver's license for refusal to submit to a chemical test are civil and administrative proceedings separate and distinct from any criminal action on a charge of driving while under the influence of intoxicating liquor or drugs. The court stated that the outcome of one action is of no consequence to the other, and that acquittal of the criminal charge of operating a motor vehicle while intoxicated does not preclude the Motor Vehicle Department from revoking the defendant's drivers license. These statements

---

1. A.R.S. § 28–692 H provides:

   "H. If a person under arrest refuses to submit to a chemical test under the provisions of § 28–691, evidence of refusal shall be admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor."

   In the absence of an applicable statutory provision, the authorities are fairly evenly split as to whether such evidence is admissible. *See* authorities cited, Annot. 87 A.L.R.2d 370.

2. A.R.S. § 28–691, subsections D and E provide:

   "D. If a person under arrest refuses to submit to a chemical test designated by the law enforcement agency as provided in subsection A, none shall be given. The department, upon the receipt of a report of the law enforcement officer, certified and subject to the penalty for perjury as prescribed by § 28–1062, that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test, shall suspend for a period of six months his license or permit to drive, or any nonresident operating privilege. If the person is a resident without a license or permit to operate a motor vehicle in this state, the department shall deny to the person the issuance of a license or permit for a period of six months. The suspension or moratorium on the issuance of a license, permit or nonresident operating privilege shall become effective fifteen days after giving written notice thereof by

   personal service or by receipt of certified mail, except as provided in subsection E of this section.

   "E. The department shall immediately notify the person named in the affidavit in writing of the action taken pursuant to this section and, upon his request in writing received within fifteen days after receiving the notice, shall afford him an opportunity for a hearing in the same manner and under the same conditions as provided in subsection B of § 28–446 for notification and hearings in the cases of discretionary suspension of licenses. Such request shall also operate to stay the suspension by the department until a hearing is held. The scope of such hearing for the purposes of this section shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor, whether the person was placed under arrest, and whether he refused to submit to the test. If the department determines at the hearing of the matter to suspend the affected person's privilege to operate a motor vehicle, the suspension herein provided shall become effective fifteen days after giving written notice thereof, provided, however, that the department may require the surrender to it of the person's license or permit to drive and may issue a temporary license, which will expire on the effective date of the suspension."

3. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971); *Campbell v. Superior Court*, 107 Ariz. 330, 487 P.2d 397 (1971).

are without question correct when applied in the context in which the Arizona Supreme Court was speaking—the final result in one cannot control the final result in the other. There is no legal or logical inconsistency in a finding of not guilty on the DWI charges, while at the same time finding, pursuant to appropriate administrative procedures, that a defendant's drivers license must be suspended because of his refusal to submit to a chemical test required under § 28–691. Similarly, the finding in this case that defendant's drivers license should not be suspended because he did not refuse to take the chemical test under the provisions of § 28–691 cannot control the final result in the DWI prosecution pending in the municipal court, wherein defendant might well be found guilty of driving while intoxicated.

Defendant's arguments are not contrary to the Arizona Supreme Court's holdings in the *Campbell* decisions, nor do they depend upon the application of collateral estoppel.[4] They are based solely upon the language of § 28–692 H which makes admissible a refusal "under the provisions of § 28–691." By the time the prosecution of defendant on the DWI charges came on for trial, there had been a final determination "under the provisions of § 28–691" that defendant had not refused to submit to the chemical test involved. Therefore, to admit evidence that there was such a refusal would be contrary to the authorizing statutory language.

The superior court's denial of special action relief is affirmed.

NELSON, J., and FROEB, C. J., concurring.

---

4. For a decision indicating that the doctrine of collateral estoppel might preclude the admission of evidence of defendant's refusal under the circumstances of this case, *see Shackelton v. Department of Motor Vehicles*, 46 Cal. App.3d 327, 119 Cal.Rptr. 921 (1975); *contra, see City of St. Joseph v. Johnson*, 539 S.W.2d 784 (Mo.App.1976).