646 P.2d 895

**David SHOPE, Petitioner/Appellee,**

v.

**CITY COURT OF the CITY OF TUCSON, The Honorable Bram Goldman, Magistrate, Respondent,**

and

**The State of Arizona, ex. rel., Frederick S. Dean, City Attorney for the City of Tucson, real party in interest, Respondent/Appellant.**

No. 2 CA–CIV 4232.

Court of Appeals of Arizona, Division 2.

June 7, 1982.

Stephen Paul Barnard, Tucson, for petitioner/appellee.

Frederick S. Dean, Tucson City Atty. by Beverly A. Ginn and Tobin Rosen, Tucson, for respondent/appellant.

OPINION

HOWARD, Chief Judge.

On February 14, 1981, the defendant David Shope was involved in a traffic accident and was arrested for driving while under the influence in violation of A.R.S. § 28–692 and for two other charges. He was transported to the Tucson Police Department and was read the implied consent law (A.R.S. § 28–691) by Officer Barton, at which time the defendant was requested to submit to an intoxilyzer test and refused.

Officer Barton completed his report of the refusal to take a breath test, which was forwarded to the Motor Vehicle Division of the Arizona Department of Transportation. On June 23, 1981, the department of transportation, through hearing officer Richard W. Raymond, held a hearing pursuant to A.R.S. § 28–691(E) to determine, inter alia, whether Shope refused to submit to the

 

test. The written decision of the hearing officer stated:

> "It is the decision of this hearing officer that the Officer's testimony was in conflict with his reports and he was not prepared to give proper testimony at this Hearing; and therefore, the pending Implied Consent Suspension is voided."

The hearing officer made no specific finding that the defendant did not refuse to submit to the chemical test.

Subsequently, the defendant moved to suppress all evidence of his refusal to submit to the intoxilyzer test in the city court proceedings for driving while intoxicated claiming that *State ex rel. Baumert v. Municipal Court of the City of Phoenix*, 119 Ariz. 142, 579 P.2d 1112 (App.1978) requires such a suppression. This motion was denied and the defendant petitioned the superior court for special action relief. The superior court found that *Baumert* governs and granted the motion to suppress.[1]

In *Baumert*, the court held that a determination by the department that the defendant did not refuse within the meaning of the statutes to take the breathalyzer test precluded the use of the refusal in a later DWI trial. As the court states in *Baumert*:

> "Defendant's arguments ... are based soley upon the language of § 28–692 H which makes admissible a refusal 'under the provisions of § 28–691.' By the time the prosecution of defendant on the DWI charges came on for trial, there had been a final determination 'under the provisions of § 28–691' that defendant had not refused to submit to the chemical test involved. Therefore, to admit evidence that there was such a refusal would be contrary to the authorizing statutory language." 119 Ariz. at 145, 579 P.2d 1112.

The state contends that *Baumert* does not apply because there was no express finding by the hearing officer that appellee did not refuse to take the test. We do not agree.

The refusal to submit to a chemical test must be a refusal "under the provisions of § 28–691" which requires (1) the law enforcement officer must have reasonable grounds to believe the respondent was driving while intoxicated; (2) the police officer must arrest the respondent; (3) the officer must ask the respondent to submit to a chemical test of intoxication; and (4) the officer must warn the respondent that a refusal to submit to a chemical test will result in the suspension of his driver's license or driving rights. A refusal can be admitted into evidence only after these prerequisites are shown. The hearing officer voided the suspension. His decision necessarily implies that one or more of the foregoing prerequisites was not proved and that there was no refusal under the provisions of A.R.S. § 28–691.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.

---

1. A.R.S. § 28–692(H) states:

"If a person under arrest refuses to submit to a chemical test *under the provisions of § 28–691*, evidence of refusal shall be admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of an intoxicating liquor." (Emphasis added)