747 P.2d 564

**The STATE of Arizona, Petitioner/Appellant,**

v.

**The SUPERIOR COURT OF PIMA COUNTY, the Honorable Jack T. Arnold, a judge thereof, Respondent/Appellee,**

**and**

**Zettie Jane HAYS, Real Party in Interest.**

**No. 2 CA–CIV 5598.**

Court of Appeals of Arizona, Division 2, Department A.

June 2, 1986.

Frederick S. Dean, City Atty. by George W. Bromley and Mary S. Finnerty, Tucson, for petitioner/appellant.

Waterfall, Economidis, Hanshaw & Villamana, P.C. by James W. Stuehringer and Bruce L. Skolnik, Tucson, for real party in interest.

## OPINION

HATHAWAY, Chief Judge.

Real party in interest, Zettie Jane Hays (Hays), was indicted for driving while intoxicated pursuant to A.R.S. § 28–692(A). She seeks to have evidence of her refusal to take the intoxilyzer test suppressed pursuant to a ruling by the Arizona Motor Vehicle Division (MVD) that she had not voluntarily declined to take the test.

Following Hays' arrest on April 4, 1984, the Tucson Police Department arresting officers explained the implied consent law, A.R.S. § 28–691. Section 28–691(A) provides that any person who operates a motor vehicle impliedly gives consent to have his blood, breath or urine tested for the purpose of determining alcoholic content if that person is alleged to have driven a motor vehicle while under the influence of intoxicating liquor. Under subsection (D) of that statute, if a person refuses to sub-

mit to such test, none shall be given. However, the MVD, upon receipt of a report that:

"There are reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle within the state while under the influence of intoxicating liquor and that the person had refused to submit to the test shall suspend for a period of 12 months his license or permit to drive...." A.R.S. § 28–691(D).

Subsection (C) of § 28–691 permits officers to take blood samples from any person who is "dead, unconscious or otherwise in a condition rendering him incapable of refusal." Hays refused to submit to the intoxilyzer test, and the officers therefore filed a refusal affidavit with MVD. The officers obviously did not consider her incapable of refusal.

Upon receipt of the refusal affidavit, MVD notified Hays that her license had been suspended for 12 months. She requested a hearing on the propriety of that suspension pursuant to A.R.S. § 28–691(E). The scope of such a hearing is limited to whether a law enforcement officer had reasonable grounds to believe the person had been "driving or was in actual physical control of a motor vehicle within this state while under the *influence of an intoxicating liquor,* whether the person was placed under arrest, and *whether he refused to submit to the test."* (Emphasis added)

Hays contends that because of her psychological condition at the time of the arrest, her refusal was not voluntary and therefore she did not violate A.R.S. § 28–691(D). At the initial hearing, the hearing officer heard the testimony of the two arresting police officers and Hays. Despite the testimony by the police officers that Hays seemed emotionally distraught and Hay's testimony that she did not even understand the request to take the intoxilyzer test, the hearing officer found that her license should be suspended. Hays moved and was granted a rehearing on the matter. At that rehearing, the hearing officer considered a letter from Dr. Gurland, a psychiatrist, stating that Hays was

in a severely disturbed emotional state on the night of her arrest and was unable to appreciate the circumstances surrounding her arrest. The letter concluded that Hays was incapable of voluntarily refusing the test. Based upon that letter, the hearing officer concluded that defendant could not have voluntarily refused within the meaning of A.R.S. § 28–691 and that her license should be reinstated. The criminal charge, however, still remained.

A.R.S. § 28–692(K) provides:

"If a person under arrest refuses to submit to a test under the provisions of § 28–691 ... evidence of refusal is admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle within the state ... The issue of refusal shall be an issue of fact and will be determined by the trier of fact in all cases."

Following Hays' exoneration by MVD, a motion to suppress evidence, of her refusal to take the intoxilyzer test was filed in the criminal action on the ground that the finding of the MVD hearing officer collaterally estops the state from offering such evidence. A hearing was held in city court on March 20, 1985, at which the motion was denied. Hays took the collateral estoppel issue to the superior court in the form of a special action, and the court held that a refusal must be intentional or knowing and that Rule 16.2, Rules of Criminal Procedure, 17 A.R.S., requires that the voluntariness of Hay's refusal be heard by the trial court. The court, however, refused to suppress the evidence on the basis of collateral estoppel. The court then ordered a hearing to be held on Hay's motion to suppress the evidence of refusal. It is from that order that the state appeals.

The sole issue raised by the state on appeal is whether the trial court erred in ordering a hearing to determine whether defendant voluntarily refused to take a breath test prior to submitting evidence of defendant's refusal to the jury. Hays disagrees with the state and, in addition, argues that the doctrine of collateral estoppel should bar the state from introducing evidence of Hays' refusal.

## I. INTENTIONAL OR KNOWING REFUSAL

The MVD hearing officer and the trial court agree that in order for a refusal pursuant to § 28–691(D) to be sufficient for license suspension, that refusal must be intelligent or knowing. Additionally, the trial court held that in order for a refusal to be evidence in a criminal trial, it must be intelligent or knowing. Neither § 28–691(D) nor § 28–692(K), however, establish the state of mind required for the refusal. Section 28–691(D) provides that the department shall suspend the license for 12 months if "... the person had refused to submit to the test...." Section 28–692(K) states that evidence of refusal shall be admissible if "... a person under arrest refuses to submit to a test...." there is no mention in either statute of intentional or knowing refusal or any lesser state of mind.

The state argues, therefore, that the statutes are in the nature of a strict liability crime and require no culpable mental state. Both sides concede that Hays both physically and orally refused to take the test.

The only real issue is her mental state at the time of refusal. Therefore, if the state is correct, the ruling of the hearing officer is erroneous and could not possibly have any collateral estoppel effect in the present case. Additionally, there would be no need to hold a hearing on voluntariness.

The state cites *Knoblich v. City Court of the City of Tucson*, 134 Ariz. 493, 657 P.2d 906 (App.1982), for the proposition that an intoxilyzer refusal is admissible whether or not it is voluntary. The *Knoblich* case, however, is inapposite. *Knoblich* was decided under a former implied consent statute which permitted the forced implementation of the intoxilyzer test. The present statute does not permit such forced tests. Additionally in *Knoblich*, the parties, pursuant to a false statement by the police officers, did take breath samples which the court permitted into evidence

despite the involuntary nature of the samples.

■ The issue before us now is different. Under the current statute, there is a penalty for refusal. The penalty is suspension of license for one year under § 28–691(D), and the admission of such evidence in civil or criminal proceedings pursuant to § 28–692(K). Basic due process requires that in order for a person to be penalized for disobeying a request, that person must understand what is being requested of them. Without such understanding, the refusal is of no force. Therefore, implicit in both these statutes is a voluntary, i.e., intelligent or knowing, refusal. We therefore agree with both the trial court and MVD that such a requirement is implicit in both statutes. However, intoxication at the time cannot negate the voluntariness of the refusal lest the purpose of the statute be circumvented. Cf. A.R.S. § 13–503, where voluntary intoxication only negates intentional acts, not knowing acts.

## II. COLLATERAL ESTOPPEL AND STATUTORY CONSTRUCTION

■ Appellee Hays argues that because of her exoneration in the administrative hearing, evidence of her refusal cannot be admitted at trial. Appellee's argument is based on two premises. The first is a statutory interpretation which would make admission of refusal evidence under § 28–692(K) dependent·on the outcome of the MVD hearing under § 28–691(D). See *State ex rel. Baumert v. Municipal Court of the City of Phoenix*, 119 Ariz. 142, 579 P.2d 1112 (1978), and *Shope v. City Court of the City of Tucson*, 132 Ariz. 464, 646 P.2d 895 (App.1982), (construing prior versions of § 28–692 and § 28–691). The second argument is that the decision by MVD acts, under the rule of collateral estoppel, to bar presentation of evidence of refusal in her current criminal case. See *People v. Sims*, 32 Cal.3d 468, 186 Cal.Rptr. 77, 651 P.2d 321 (1982); *Buttimer v. Alexis*, 146

Cal.App.3d 754, 194 Cal.Rptr. 603 (1983); *Shackelton v. Department of Motor Vehicles*, 46 Cal.App.3d 327, 119 Cal.Rptr. 921 (1975). But see *City of St. Joseph v. Johnson*, 539 S.W.2d 784 (Mo.App.1976); *People v. Lalka*, 113 Misc.2d 474, 449 N.Y.S.2d 579 (1982); 30 A.L.R.4th 856 (1984). See also *State v. Williams*, 131 Ariz. 211, 639 P.2d 1036 (1982). We note, however, that Hays is neither the appellant nor cross-appellant in this case. The trial court's refusal to apply collateral estoppel or to adopt Hays' statutory interpretation argument is not before this court. The only party that has appealed is the state which seeks to overturn that part of the trial court's order requiring a preliminary hearing on the voluntariness of Hays' refusal. We therefore need not address appellee's arguments.[1]

## III. MOTION TO SUPPRESS HEARING

■ The state argues that the motion to suppress hearing ordered by the trial court is barred by the statute. Section 28–692(K) provides that the issue of refusal shall be an issue of fact to be determined by the trier of fact in all cases. Hays argues that this provision, as was § 28–692(G), is unconstitutional pursuant to Art. 6, § 5(5) of the Arizona Constitution which states the supreme court shall have "[P]ower to make rules relative to all procedural matters in any court." The court, therefore, will only recognize reasonable and workable statutory arrangements which supplement court-promulgated rules. When a conflict arises, the statutory rule will not be recognized. *State ex rel. Collins v. Seidel*, 142 Ariz. 587, 691 P.2d 678 (1984). We do not hold this section to be unconstitutional, but rather find that it is compatible and supplemental to the court's procedural rules. We strive to uphold statutes as constitutional, if possible. *State v. Arnett*, 119 Ariz. 38, 579 P.2d 542 (1978). Initial preliminary questions concerning the admissibility of evidence shall be determined by the court. Rule 104(A), Rules of

---

1. We do note that the statutory interpretation urged by appellee pursuant to *Baumert* and *Shope,* supra, has now been foreclosed by statutory amendment. See A.R.S. § 28–691(G) and § 28–692(K).

Evidence, 17A A.R.S. Section 28–692(K) does not bar such a preliminary determination by the court, but only limits it. We hold that the court can hold a preliminary hearing under this statute to determine whether there is an issue of refusal. It cannot determine, however, whether the refusal was voluntary because that question has been reserved by statute for the jury. This is analogous to Art. 18, § 5 of the Arizona Constitution, which provides that the issue of contributory negligence is an issue of fact to be determined at all times by the jury. Nevertheless, courts may determine preliminarily whether there is an issue of contributory negligence. See *Jernigan v. Southern Pacific Company*, 222 F.2d 245 (9th Cir.1955); *Vickers v. Gercke*, 86 Ariz. 75, 340 P.2d 987 (1959). And so it is with refusal. However, such a hearing is unnecessary in the instant case, inasmuch as defendant does not deny that she refused the test, but rather says it was not voluntary.

Appellee also argues that a preliminary hearing is required, pursuant to the United States Supreme Court's ruling in *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). In *Jackson*, the court held that a criminal defendant is entitled to a preliminary hearing to determine the voluntariness of a confession. We find *Jackson* inapposite. The decision in *Jackson* was predicated on the 5th Amendment right against self-incrimination. There is, however, no constitutionally protected liberty to refuse to take an intoxilyzer test. See, e.g., *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). The right to refuse the test has been granted by statute, A.R.S. § 28–691(D). That refusal, however, carries with it consequences, including the introduction of the evidence in trial. Neither the constitution nor the statute requires that a preliminary hearing be given on the voluntariness of the refusal. We hold that the trial court was correct in determining that a preliminary hearing on refusal is permissible, despite the statute; however, the scope of that hearing is limited to whether there is an issue of refusal, and the court is not permitted to delve into the voluntariness of the refusal. In this case, there is no issue of refusal since Hays admits she refused to take the intoxilyzer test. Accordingly, the trial court erred in ordering that a preliminary hearing be held.

Reversed and remanded.

HOWARD, P.J., and FERNANDEZ, J., concur.