747 P.2d 569

**The STATE of Arizona, Petitioner/Appellant,**

v.

**The SUPERIOR COURT OF PIMA COUNTY, the Honorable Jack T. Arnold, a judge thereof,**

**and**

**Zettie Jane HAYS, Real Party in Interest.**

**No. CV 86–0471–PR.**

Supreme Court of Arizona, En Banc.

Dec. 15, 1987.

Frederick S. Dean, Tucson City Atty. by George W. Bromley, Asst. City Atty., Tucson, for petitioner/appellant.

Waterfall, Economidis, Hanshaw & Villamana, P.C. by James W. Stuehringer,

Bruce L. Skolnik, Tucson, for real party in interest.

HOLOHAN, Justice.

Zettie Jane Hays, real party in interest, petitioned this court to review the decision of the Court of Appeals, 155 Ariz. 403, 747 P.2d 564, holding that she was not entitled to an evidentiary hearing by the trial court on the issue of whether she had voluntarily refused to submit to an intoxilyzer test after her arrest for driving under the influence of alcohol. We granted review to determine:

1) Whether the Court of Appeals erred in holding that A.R.S. § 28–692(K) does not interfere with the Arizona Supreme Court's constitutionally-granted rulemaking authority, and

2) Whether the Court of Appeals erred in holding that Hays was not entitled to a separate voluntariness hearing.

I

Hays was arrested in Tucson for driving under the influence of alcohol in violation of A.R.S. § 28–692(A).[1] Two Tucson police officers had observed Hays' car repeatedly swerve and almost hit the curb. When the officers pulled Hays over they smelled alcohol on her breath and inside her vehicle. After Hays stepped out of her car, one of the officers noticed that she was extremely off-balance and her coordination was poor. Her eyes were bloodshot and watery, her face was flushed and her speech was slurred. The officer noted that Hays was crying and very upset at being stopped. The officer asked Hays if she had someone who could pick her up, but Hays did not respond. When the officer asked if he could drive her home, Hays declined. The officer then asked Hays to take a field sobriety test, and again she refused. Several other officers also explained the necessity of the breath test, but Hays continued to refuse.

The officer stated that Hays was extremely combative, shaking her head and grunting, and that it took three people to control her after she began to kick the officers. Hays said "No" several times and shook her head back and forth when asked to take the intoxilyzer test. She was placed under arrest and taken to a police station for an intoxilyzer test, which she refused. Hays was eventually placed in a holding cell, which had to be cushioned with mattresses when she began to bang her head against the walls.

The police officers filed a refusal affidavit with the Arizona Motor Vehicle Division (MVD) as required by A.R.S. § 28–691(D). The MVD notified Hays that her driver's license would be suspended for 12 months pursuant to A.R.S. § 28–691(E) and (F). Hays received a hearing on the suspension, wherein she testified that she had been undergoing personal problems at the time of her arrest. She stated that she had consumed two mixed drinks shortly before her arrest, and that she had been taking prescribed medication for pain. Hays' counsel argued that Hays' emotional state at the time of her arrest precluded a voluntary refusal to take the breath test. The hearing officer found that Hays had knowingly refused to take the intoxilyzer test and that her license should be suspended.

Hays was subsequently granted a rehearing, at which she presented expert testimony and exhibits including a letter from a psychiatrist, Dr. David B. Gurland, who had reviewed Hays' psychiatric record and the transcript of the earlier MVD hearing. Based largely on Dr. Gurland's finding that, because of her emotional state, Hays was incapable of refusal at the time of her arrest, the hearing officer concluded that Hays did not knowingly or intelligently refuse to take the breath test and therefore her license would not be suspended.

In the city court Hays moved to suppress evidence of her refusal to take the breath test on the grounds that the refusal was not intentional or knowing. The city court magistrate denied the motion.

1. The facts are taken from a transcript of an Arizona Motor Vehicle Department license revocation hearing conducted on August 23, 1984.

Hays sought relief from the denial in a special action brought in superior court. The superior court judge ruled that a refusal under A.R.S. § 28–691 "must be intentional or knowing" and ordered a hearing on defendant's motion to suppress.

The State appealed this order to the Court of Appeals. The Court of Appeals reversed the judgment of the superior court, holding that Hays was not entitled to a hearing by the trial court on the issue of whether the refusal to submit to the intoxilyzer test was an intelligent and knowing refusal. *State v. Superior Court of Pima County*, 155 Ariz. 403, 747 P.2d 564 (App. 1986).

## II

A.R.S. § 28–692(K), effective at the time of the conduct in question here, provided:

If a person under arrest refuses to submit to a test under the provisions of section 28–691, evidence of refusal shall be admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor. *The issue of refusal shall be an issue of fact to be determined by the trier of fact in all cases.*

Laws 1983, Ch. 279, § 6 (emphasis added).[2]

■ Our recent decision in *State v. Superior Court*, 154 Ariz. 574, 744 P.2d 675 (1987), held that the statutory provision A.R.S. § 28–692(K) was constitutional. In that case we also held that the refusal to take a chemical breath test was not testimonial evidence but physical evidence only, and the fact of refusal was admissible in a criminal trial for a violation of A.R.S. § 28–692(A). Our ruling in *State v. Superior Court, supra,* disposes of the first issue presented for review by Hays. The Court of Appeals in this case did not err in holding A.R.S. § 28–692(K) was constitutional.

## III

■ Hays argues that *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), which requires a pretrial evidentiary hearing to determine voluntariness of a criminal defendant's confession, is applicable. We disagree. The essential difference between *Jackson* and this case is that *Jackson* involved a confession, which is testimonial evidence. As noted earlier, evidence of refusal to take a chemical breath test is *not* testimonial evidence but is only physical evidence. *State v. Superior Court, supra.* See *South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983) (admission into evidence of defendant's refusal to submit to blood-alcohol test does not offend the right against self-incrimination). The privilege against self-incrimination is only a bar against communicative or testimonial evidence, not against real or physical evidence. *Schmerber v. State of California,* 384 U.S. 757, 86 S.Ct. 1826, 1830, 16 L.Ed. 2d 908 (1966); *Campbell v. Superior Court,* 106 Ariz. 542, 552 n. 8, 479 P.2d 685, 695 n. 8 (1971).

## IV

■ Hays contends that even if the refusal is considered non-testimonial, the fundamental notion of fairness inherent in due process prevents use of refusal evidence where a defendant did not knowingly or intelligently refuse to take the test.

■ As noted earlier, we are not dealing with testimonial evidence, so the use of the term voluntary in the sense of intelligent and knowing has no relevancy to the matter. This does not mean, however, that a defendant is precluded from showing that she did not understand what was being requested. Such evidence would be relevant and would be a matter to be decided by the trier of fact. It appears that Hays' main contention is that the trial court should determine the issue instead of the jury. Although A.R.S. § 28–692(K), pro-

---

**2.** The statute currently in effect is essentially the same as that effective in 1984. *See* A.R.S. § 28–692(K) (Supp.1986). The current statutory language as to the issue of refusal is identical to the 1984 statute, and therefore our decision is also applicable to the current statute.

vides that the refusal to take an intoxilyzer test is admissible in evidence, and the issue of refusal is a question of fact to be determined by the trier of fact, we do not read the statute as intending to preclude the trial judge from deciding preliminary questions concerning the admissibility of evidence or its sufficiency to go to the jury. *See* Rule 104(a) and (b), Rules of Evidence. When evidence is admissible or an issue is submitted to the jury both the statute and the rules of evidence leave to the jury the decision on the weight and effect of such evidence. Rule 104(e), Rules of Evidence.

The trier of fact is often called upon to determine the reason for a defendant's acts or course of action. One of the more frequent instances is that of a defendant leaving the vicinity of a crime. Was the defendant's departure an attempt to escape detection or capture for a crime, or was the departure for a reason wholly innocent and unconnected with any guilty knowledge? *See State v. Celaya,* 135 Ariz. 248, 660 P.2d 849 (1983). The evidence may be viewed in various ways, but the trier of fact is left with the responsibility to resolve the issue.

The evidence of refusal to take an intoxilyzer test is somewhat analogous in that the defendant's conduct (i.e., refusal) may occur for various reasons. The statute, A.R.S. § 28–692(K), does not direct how the trier of fact should consider the evidence; it only requires that the question be left to the trier of fact. The same evidence on the mental condition of Hays offered at the administrative hearing could be offered·at the criminal trial to support the defense position that the refusal to take the test was not due to consciousness of guilt. The defense is free to argue that the acts of the defendant were the product of a mentally troubled person who did not understand the events as they were occurring.

The trier of fact is free to resolve the matter from the evidence presented at trial.

 Not every claim of mental incapacity is entitled to be treated as an excuse of refusal to take an intoxilyzer test. There is an exception to the lack-of-understanding defense when such condition occurs by reason of voluntary intoxication.

It is no excuse or defense for a defendant to maintain that the refusal to take an intoxilyzer test was due to mental incapacity caused by voluntary intoxication. Regardless of the degree of voluntary intoxication, a motorist is not excused from the penalty provided for refusal to submit to the test. *Gaunt v. Motor Vehicle Div., Dept. of Transp.,* 136 Ariz. 424, 666 P.2d 524 (App.1983); *Hering v. State, Department of Motor Vehicles,* 13 Wash.App. 190, 534 P.2d 143 (1975); *Hoban v. Rice,* 25 Ohio St.2d 111, 267 N.E.2d 311 (1971). If the exception were not recognized, the purpose of the statute would be defeated by allowing the most severely intoxicated motorists to avoid accountability under the statute.

The Court of Appeals was correct in its ruling that Hays was not entitled to a voluntariness hearing. We agree with the Court of Appeals that Hays should be entitled to present evidence at trial that she did not understand the request to take the offered test due to her mental condition; but we note that such lack of understanding must not be due to voluntary intoxication.

The opinion of the Court of Appeals is approved as supplemented by this opinion, and the order of the superior court is reversed with directions to deny the relief sought by the defendant Hays in her petition for special action.

GORDON, C.J., FELDMAN, V.C.J., CAMERON, J., and FROEB, Judge.

MOELLER, J., did not participate in the determination of this matter. The Honorable Donald F. Froeb, Court of Appeals, Division One, was assigned to sit in his stead.