**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JERONIMO BOTELLO-ROSALES,
*Defendant-Appellant*.

</td><td>

No. 12-30074

D.C. No.
3:08-cr-00385-RE-2

OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted April 25, 2013[*]
Pasadena, California

Filed July 15, 2013

Before: Harry Pregerson, Kim McLane Wardlaw,
and Milan D. Smith, Jr., Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

Reversing the denial of a motion to suppress post-arrest statements, vacating a conviction, and remanding for further proceedings, the panel held that the Spanish-language warning administered to the defendant failed to reasonably convey his *Miranda* rights, where the detective incorrectly used the Spanish word "libre" to mean "free," or without cost, and where the phrasing of the warning – that a lawyer who is free could be appointed – suggests that the right to appointed counsel is contingent on the approval of a request or on the lawyer's availability.

The panel held that the fact that the officer had previously administered correct *Miranda* warnings in English does not cure the constitutional infirmity, absent government clarification as to which set of warnings was correct.

### COUNSEL

Michael R. Levine, Levine & McHenry LLC, Portland, Oregon, for Defendant-Appellant.

S. Amanda Marshall, United States Attorney, District of Oregon; Kelly A. Zusman, Appellate Chief, Assistant United States Attorney; Leah K. Bolstad and Jennifer J. Martin,

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Assistant United States Attorneys, Office of the United States Attorney, Portland, Oregon, for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

Jeronimo Botello-Rosales appeals the district court's denial of his motion to suppress his post-arrest statements to law enforcement officers. After the district court denied the motion to suppress, Botello entered a conditional guilty plea to conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and 846, and possession of a firearm by a person unlawfully in the United States in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

The district court erred in denying Botello's suppression motion because the Spanish-language warning administered to Botello before he was interrogated failed to "reasonably convey" to Botello "his rights as required by *Miranda* [*v. Arizona*, 384 U.S. 436 (1966)]." *Florida v. Powell*, 130 S. Ct. 1195, 1204 (2010) (internal quotation marks omitted) (quoting *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989); *California v. Prysock*, 453 U.S. 355, 361 (1981) (per curiam)). The district court correctly found that Detective Salas gave the following *Miranda* warning to Botello in the Spanish language:

> You have the right to remain silence.
>
> Anything you say can be used against you in the law.

> You have the right to talk to a lawyer and to have him present with you during the interview.

> If you don't have the money to pay for a lawyer, you have the right. One, who is free,[1] could be given to you.

As the district court concluded, this warning failed to reasonably convey the government's obligation to appoint an attorney for an indigent suspect who wishes to consult one.[2] *See Powell*, 130 S. Ct. at 1204; *Miranda*, 384 U.S. at 473; *United States v. Perez-Lopez*, 348 F.3d 839, 848 (9th Cir. 2003).

The detective used the Spanish word "libre" to mean "free," or without cost. After hearing testimony from lay and expert witnesses, the district court concluded that this usage of "libre" to mean "without cost" was not a correct translation. "Libre" instead translates to "free" as in being available or at liberty to do something. Additionally, the phrasing of the warning—that a lawyer who is free could be appointed—suggests that the right to appointed counsel is contingent on the approval of a request or on the lawyer's availability, rather than the government's absolute obligation. *See Perez-Lopez*, 348 F.3d at 848 ("To be required to 'solicit' the court, in the words of [the] warning, implies the

---

[1] The detective used the word "libre" to indicate "free." As explained below, the district court found that this was not a correct translation.

[2] The Government concedes that the district court's further conclusion that "it is more probable than not that Botello actually understood his *Miranda* rights" is irrelevant.

possibility of rejection."). While no "talismanic incantation" is required, *Prysock*, 453 U.S. at 359, such an affirmatively misleading advisory does not satisfy *Miranda*'s strictures. *See Perez-Lopez*, 348 F.3d at 848.[3]

That officers had previously administered correct *Miranda* warnings in English to Botello does not cure the constitutional infirmity. Even if Botello understood the English-language warnings, there is no indication in the record that the government clarified which set of warnings was correct. *See United States v. San Juan-Cruz*, 314 F.3d 384, 388, 389 (9th Cir. 2002) ("When a warning, not consistent with *Miranda*, is given prior to, after, or simultaneously with a *Miranda* warning, the risk of confusion is substantial, such that the onus is on the Government to clarify to the arrested party the nature of his or her rights under the Fifth Amendment."). Absent such a clarification, Botello cannot be charged with "sufficient legal or constitutional expertise to understand what are his . . . rights under the Constitution." *San Juan-Cruz*, 314 F.3d at 389 (citing *Miranda*, 384 U.S. at 472).

Because the warnings administered to Botello did not reasonably convey his right to appointed counsel as required by *Miranda*, his subsequent statements may not be admitted as evidence against him. *See Miranda*, 384 U.S. at 479. We therefore reverse the district court's denial of Botello's motion to suppress. Because Botello's guilty plea was conditioned upon the right to seek review of the adverse

---

[3] Because we reverse on the basis of the inadequate warning of the right to appointed counsel, we do not reach Botello's contention that the detective's warning failed to reasonably convey the second *Miranda* warning, that anything he said could be used against him in a court of law.

determination of his motion to suppress, we vacate Botello's conviction and remand to the district court with instructions to allow Botello to withdraw his guilty plea and for further proceedings consistent with this disposition.

**REVERSED; VACATED; REMANDED.**