**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10542 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00033-DMR-2 |
| v. | |
| AARONAE RIANA SMITH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted June 13, 2018[**]
San Francisco, California

Before:  MURPHY,[***] PAEZ, and IKUTA, Circuit Judges.

Aaronae Smith appeals a district court order modifying her term of

probation.  Following an evidentiary hearing, the district court concluded Smith

violated a condition of supervision that she not associate with "any person

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

convicted of a felony." The district court continued Smith's probation, but extended the term for two years. *See* 18 U.S.C. § 3565(a)(1). Smith asserts the district court erred in considering statements she made when arrested by Solano County Sheriff's Department deputies, arguing the statements were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and were not voluntarily made. She further asserts the district court's finding that she violated a condition of her supervised release is not supported by sufficient evidence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

For purposes of resolving Smith's appeal, we assume, without deciding, that the Fifth Amendment's privilege against self-incrimination applies in the context of a proceeding that might result in revocation of probation. The adequacy of a *Miranda* warning is reviewed de novo. *United States v. Williams*, 435 F.3d 1148, 1151 (9th Cir. 2006). "Whether the waiver was knowing and intelligent is a question of fact that we review for clear error. Whether the waiver was voluntary is a mixed question of fact and law, which we review de novo." *United States v. Amano*, 229 F.3d 801, 803 (9th Cir. 2000).

Smith's challenge to the adequacy of the *Miranda* warnings she received focuses exclusively on the use of the word "could" in the following warning: "You have a right to a lawyer, to have a lawyer present both before

and during questioning; if you can't afford to hire a lawyer, one could be provided to you free of charge." Smith asserts the decision in *United States v. Botello-Rosales*, 728 F.3d 865, 867 (9th Cir. 2013), establishes that the warning is inadequate. In *Botello-Rosales*, however, a serious translation error was coupled with the use of the term "could," which led the court to conclude the overall warning was so "affirmatively misleading" as to not satisfy *Miranda*'s strictures. *Id.* There is no such compound error here and Smith has not identified a single case indicating the use of language like "could be provided," standing alone, renders a *Miranda* warning misleading. *Miranda* does not rigidly require a "precise formulation of the warnings given a criminal defendant." *Duckworth v. Eagan*, 492 U.S. 195, 202 (1989) (internal quotation marks and citation omitted). "[N]o talismanic incantation is required to satisfy its strictures." *Id.* (internal quotation marks, citation, and alteration omitted).

The DVD of the interrogation confirms Smith explicitly and implicitly waived her *Miranda* rights and the waiver and resulting statements were voluntary. There is no evidence Smith was coerced, intimidated, or forced to make any statement. The record amply demonstrates Smith's will was not overborne at any point in the interrogation. As the district court found,

3

Smith was "composed and forthright" in her statements during the interrogation.

The district court's finding that Smith violated a condition of her supervision by knowingly associating with a felon is supported by sufficient evidence. The parties stipulated Isaiah McClain is a felon. Smith had been romantic partners with McClain for approximately two years; this period of time coincided with McClain's alleged murder of a young woman; and Smith was aware of allegations McClain was involved in a homicide. During her interview with deputies, Smith conceded she knew that McClain had been in jail and was a fugitive who cut off his ankle monitor. Smith specifically stated she knew "what type of person" McClain was and "for [her] safety" she avoided acquiring information about his criminal activities. She acknowledged McClain used her phone because he thought his phone was likely wiretapped. Despite an obligation to include her contacts with McClain on her probation reports, without regard to whether or not he was a felon, Smith failed to do so. The district court reasonably concluded this omission demonstrated consciousness of guilt. In sum, the evidence of Smith's long association with McClain and inference of consciousness of guilt are "such as reasonably to satisfy" the district court that Smith knew

McClain was a felon. *United States v. Guadarrama*, 742 F.2d 487, 489 (9th Cir. 1984) (per curiam).

**AFFIRMED**.