NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

KEITH LESLIE DRUNASKY, *Petitioner/Appellant*,

*v.*

ARIZONA DEPARTMENT OF TRANSPORTATION, *Respondent/Appellee*.

No. 1 CA-CV 17-0725
FILED 9-11-2018

---

Appeal from the Superior Court in Maricopa County
No. LC2017-000006-001
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

---

COUNSEL

Joe Saienni PC, Phoenix
By Joe Saienni
*Counsel for Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Leslie A. Coulson
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge James B. Morse Jr. joined.

---

**H O W E**, Judge:

**¶1**          Keith Drunasky challenges the administrative suspension of his driver's license under A.R.S. § 28–1321(B) and the trial court's decision affirming the suspension. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**          Drunasky was arrested on November 3, 2016, on suspicion of operating a motor vehicle under the influence. Following the arrest, a law enforcement officer asked Drunasky to consent to testing. Drunasky refused, which resulted in a 12-month administrative suspension of his driver's license under A.R.S. § 28–1321(B).

**¶3**          Drunasky requested a hearing under A.R.S. § 28–1321(G) to challenge the suspension. The investigating officer testified at the hearing that he informed Drunasky that refusal to submit to testing would result in his license's suspension and also explained the information in "layman's terms." Drunasky testified that he did not understand the officer's statements because of his partial hearing loss. He also testified, however, that he was not certain that he even told the officer about his hearing loss; he instead testified that he "may have said it once or — what, what once or twice or told him, you know, I was hard of hearing but I wasn't pushing the point or anything like that[.]" Drunasky also admitted that he had "three or four beers" that evening. The administrative law judge ("ALJ") found that the officer's testimony was more credible than Drunasky's testimony in light of Drunasky's alcohol consumption. The ALJ found that Drunasky "was properly informed of the consequence of [his] refusal" and affirmed the suspension.

**¶4**          The suspension commenced on January 20, 2017. Drunasky appealed to the trial court, which stayed the suspension pending its ruling. The trial court affirmed the ALJ's ruling and lifted the stay as of October 26, 2017. Drunasky timely appealed.

## DISCUSSION

**¶5**          A motorist arrested for "driving . . . under the influence of intoxicating liquor or drugs" implicitly consents to testing "for the purpose of determining alcohol concentration or drug content[.]" A.R.S. § 28–1321(A); *Carrillo v. Houser*, 224 Ariz. 463, 463–64 ¶ 2 (2010). Following an arrest, the motorist "shall be requested to submit to and successfully complete any test or tests[.]" A.R.S. § 28–1321(B). "A failure to expressly

agree to the test . . . is deemed a refusal." *Id*. Refusal results in a 12-month license suspension. *Id*.

**¶6**      The motorist may request an administrative hearing to challenge the suspension. A.R.S. § 28–1321(D), (G), (K). In that hearing, the ALJ must determine whether (1) the law enforcement officer had reasonable grounds to believe that the motorist was driving or was in actual physical control of a motor vehicle in this state while under the influence of intoxicating liquor or drugs, (2) the motorist was placed under arrest, (3) the motorist refused to submit to the test, and (4) the motorist was informed of the consequences of refusal. A.R.S. § 28–1321(K); *Tornabene v. Bonine ex rel. Arizona Highway Dep't*, 203 Ariz. 326, 331–32 ¶ 9 (App. 2002).

**¶7**      If the trial court hears no new evidence and bases its decision solely on the administrative record, as it did in this case, its review is limited to determining whether the ALJ's determinations were illegal, arbitrary, capricious, or involved an abuse of discretion. *Svendsen v. Ariz. Dep't of Transp., Motor Vehicle Div.*, 234 Ariz. 528, 533 ¶ 15 (App. 2014). We conduct the same review on appeal to this Court. *Id*. We review the administrative record in the light most favorable to sustaining the ALJ's rulings; we will only set those rulings aside if they are not supported by competent evidence. *Tornabene*, 203 Ariz. at 329 ¶ 2.

**¶8**      Drunasky does not challenge the ALJ's determinations concerning the first three issues. He instead argues under *Miranda v. Arizona*, 384 U.S. 436 (1966) and related cases that, due to his partial hearing loss, he was not "adequately advised of his rights" or the consequences of refusing to consent to testing. *Miranda* and its progeny do not apply because license suspensions under A.R.S. § 28–1321 are civil matters. *Campbell v. Superior Court*, 106 Ariz. 542, 550 (1971); *Svendsen*, 234 Ariz. at 534 ¶ 19. For the same reason, Drunasky's arguments under *United States v. Botello-Rosales*, 728 F.3d 865 (9th Cir. 2013), a *Miranda* warning case, are not persuasive.

**¶9**      Basic due process, however, requires that a person understand what is being requested of him before he can be penalized for refusing a request. *State v. Superior Court of Pima Cty.*, 155 Ariz. 403, 407 (App. 1986), *aff'd*, 155 Ariz. 408 (1987). The record supports the ALJ's determination that Drunasky was informed of the consequences of refusal. The investigating officer testified that he conveyed the information multiple times, and Drunasky was not certain that he had informed the officer about his hearing loss. And no evidence suggests that Drunasky requested

assistance, via sign language or otherwise, to understand the information presented to him.

**¶10** Drunasky also admitted that he consumed multiple alcoholic beverages before his arrest, which led the ALJ to credit the officer's recollections over his. We will not second guess the ALJ's credibility determinations. *See Siler v. Ariz. Dep't of Real Estate*, 193 Ariz. 374, 382 ¶ 41 (App. 1998) ("On questions of credibility, the [ALJ] is the proper judge."); *see also Paramo v. Indus. Comm'n of Ariz.*, 186 Ariz. 75, 79 (App. 1996) ("The ALJ is the sole judge of witness credibility and resolves all conflicts in the evidence."). Thus, the trial court did not abuse its discretion.

## CONCLUSION

**¶11** For the foregoing reasons, we affirm. We award costs to Arizona Department of Transportation upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA