NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50203 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-01207-LAB-1 |
| v. | |
| JULIAN MADERO-DIAZ, AKA Hector Ramon Castillo, AKA Juan Madero-Diaz, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50204 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01291-LAB-1 |
| v. | |
| JULIAN MADERO-DIAZ, AKA Hector Ramon Castillo, AKA Juan Madero-Diaz, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Submitted August 12, 2020**

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision

Pasadena, California

Before: WARDLAW and CLIFTON, Circuit Judges, and HILLMAN,*** District Judge.

Julian Madero-Diaz appeals his conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly concluded that the *Miranda* warnings given to Madero-Diaz adequately informed him of his right to appointed counsel. *Florida v. Powell*, 559 U.S. 50, 60 (2010).

Madero-Diaz focuses on a single sentence in the oral warnings given by a Border Patrol agent: "If you don't have the money to hire a lawyer, one *can* be prov- one *can can* [be] provided before we ask you any question[s] if you wish." (emphasis added). Contrary to Madero-Diaz's argument, the use of the word "can" instead of "will" did not suggest that the right to appointed counsel was a mere possibility, rather than an obligation on the part of the Government. We have found a *Miranda* warning sufficient when the defendant was told, "You *may* have an attorney appointed by the U.S. Magistrate or the Court to represent you, if you cannot afford or otherwise obtain one." *United States v. Miguel*, 952 F.2d 285, 287

---

without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

2

(9th Cir. 1991) (per curiam) (emphasis added). The warning at issue here is materially indistinguishable from the warning in *Miguel*, and it is much different from warnings we found insufficient in the cases Madero-Diaz relies on. *See United States v. Botello-Rosales*, 728 F.3d 865, 867 (9th Cir. 2013) (per curiam) (finding oral advisal insufficient when the officer used confusing phrasing and mistranslated "free" to mean something akin to "available," instead of "without cost"); *United States v. Perez-Lopez,* 348 F.3d 839, 848 (9th Cir. 2003) (finding oral advisal insufficient where officer's use of the word "solicit" improperly implied that the defendant was not entitled to appointed counsel).

As for any discrepancy between the language of the oral and written warnings, the video of the interrogation shows that Madero-Diaz was given the oral warnings and verbally agreed to waive his *Miranda* rights before he was even handed the sheet with the written warnings. Thus, any discrepancy between the written and oral warnings could not have affected the *Miranda* waiver. *Cf. United States v. Connell*, 869 F.2d 1349, 1353 (9th Cir. 1989) (finding warnings insufficient when the defendant was given oral *Miranda* warnings at the same time as he was reading written warnings that provided conflicting information). In any event, the Spanish versions of the two sets of warnings, on which Madero-Diaz likely relied because Spanish is his first language, were substantially the same.

2.      It was within the district court's discretion to decline to supplement its official restraint instruction with the additional sentence requested by Madero-Diaz:  "A person can still be under constant official restrain [sic] even if there are short breaks in the surveillance."  *See United States v. Marguet-Pillado*, 648 F.3d 1001, 1006 (9th Cir. 2011).

The instruction given by the district court allowed Madero-Diaz to present his defense that he was never free from official restraint because he was under video surveillance from the time he crossed the border.  *See id.* (no reversal is required if "other instructions, in their entirety, adequately cover [the] defense theory" (quoting *United States v. Thomas*, 612 F.3d 1107, 1120 (9th Cir. 2010)).  The additional sentence was unnecessary because the Government did not argue at trial that Madero-Diaz was free from official restraint during "short breaks in the surveillance."  Instead, it contended that Madero-Diaz was never seen on the surveillance camera and was therefore free from official restraint during the entire time he was in the United States.  Because neither the Government's theory of guilt nor Madero-Diaz's defense turned on whether there were short breaks in surveillance, Madero-Diaz was not prejudiced by the district court's rejection of the additional requested instruction.  *See id.*

3.      Madero-Diaz concedes that our precedent forecloses his argument that he was entitled to a jury trial for his supervised release revocation proceedings. *United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008).

**AFFIRMED.**